IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JATAVIOUS McCRIMON,
    Defendant.

Criminal Action No.
1:21-cr-407-SDG-CMS-1

## ORDER

This case is before the Court for consideration of the Non-Final Report and Recommendation entered by United States Magistrate Judge Catherine M. Salinas [ECF 34] (the R&R), which recommends that Defendant Jatavious McCrimon's Motion to Dismiss Indictment or for Alternative Relief [ECF 24] be denied. McCrimon objected to the R&R [ECF 36]. Undersigned **OVERRULES** those objections and **ADOPTS in its entirety** the R&R [ECF 34] as the order of this Court.

I.   **Standard of Review**

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009); Fed R. Crim P. 59(b)(2). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990); Fed. R. Crim. P. 59(b)(3). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

## II.   Discussion[1]

McCrimon fails to assert any specific basis for his objections to the R&R. This is precisely the type of conclusive and general objection the Court is not required to consider and would be justified in rejecting outright. *Schultz*, 565 F.3d at 1361. Nevertheless, undersigned has conducted a *de novo* review and finds no error in the recommended disposition of McCrimon's motion. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

McCrimon asserts that his pre-hospitalization detention of approximately eight months violated (1) the Speedy Trial Act (18 U.S.C. § 3161),[2] (2) the statutory time limit imposed by 18 U.S.C. 4241(d) on commitment of defendants incompetent to stand trial, and (3) McCrimon's constitutional right to due process,

---

[1]   Undersigned incorporates by reference the thorough recitation of the facts set forth in the R&R.

[2]   Defendant's motion refers to the codified act as 18 U.S.C. § 3631, which the Court attributes to a scrivener's error.

as articulated in *Jackson v. Indiana*, 406 U.S. 715 (1972).[3] McCrimon requests dismissal of the indictment against him as a remedy for these violations, or alternative relief as the Court sees fit.[4] Undersigned agrees with Judge Salinas's conclusions that dismissal of the indictment is not the proper remedy for any of the alleged violations.[5] Undersigned also agrees that the appropriate remedy for the alleged violations would be a transfer to a suitable facility for competency restoration, which has already occurred in the time since the motion was filed.[6] Thus, without deciding whether McCrimon's eight-month pre-hospitalization detention violated his constitutional right to Due Process or the constraints of § 4241(d), the Court finds that in any event no remedy is warranted at this time.

## III. Conclusion

McCrimon's objections are **OVERRULED**. The Non-Final Report and Recommendation [ECF 34] is **ADOPTED in its entirety** as the **ORDER** of this Court. McCrimon's motion to dismiss the indictment or for alternative relief [ECF 24] is **DENIED**.

---

[3] ECF 24.

[4] *Id.* at 7.

[5] The Government filed as supplemental authority, and the Court acknowledges, the recent Eleventh Circuit opinion expressing doubt that dismissal of an indictment would ever be an appropriate remedy for a § 4241(d) violation. *United States v. Curtin*, 78 F.4th 1299 (11th Cir. 2023).

[6] ECF 34.

Additionally, undersigned elects to assume case management responsibilities over this case. Accordingly, the Clerk is **DIRECTED** to terminate the referral of this matter to Judge Salinas.

**SO ORDERED** this 7th day of May, 2024.

                                        Steven D. Grimberg
                               United States District Court Judge